ALEXANDER OVERLY *v.* THOMAS D. RING, ET AL.

**Husband and Wife.**

Where the wife conveys her land as a security for her husband's debt, and the husband having paid the debt, the title re-vests in her as the owner, and hence one purchasing the land upon execution sale against the husband, the wife having died, acquires only the life estate which the husband held as tenant by the curtesy.

APPEAL FROM TODD CIRCUIT COURT.

March 15, 1879.

OPINION BY JUDGE ELLIOTT:

Thomas Donnelly died the owner of a large tract of land in Todd county, and in a suit for division between his heirs the land in dispute was allotted to his daughter, Nancy, who was then the wife of Nicholas Ring. A deed was made to Nancy Ring by the commissioners who allotted her the land, and their report confirmed and the deed certified to and recorded in the office of the Todd County Court. In 1847 Nicholas Ring and his wife mortgaged this land to Judge Underwood to secure him in some lawyer fees, and by Underwood's suit for foreclosure the land was sold in 1855, and Nicholas Ring bid it in and paid off the mortgage debt. Afterward Smith and Tyler had the land levied on by virtue of their executions, and on its sale Tyler bought it and afterward sued Ring, and recovered and turned him out of possession, and he and Smith conveyed the land to appellant.

Ring acquired no title by his purchase under the judgment foreclosing Underwood's mortgage because he paid nothing for it. Mrs. Nancy Ring conveyed her land as a security for her husband's debt, and her husband having paid the debt the title re-vested in her as the owner, and consequently Tyler, by his purchase, only acquired the life estate which Ring acquired as tenant by the curtesy.

It is suggested that Mrs. Ring had died before the sale under Underwood's mortgage, and if that is so her title descended to and vested in her heirs-at-law, and as there was no revivor against her heirs her title never passed by the sale under the judgment. But the appellant derived his title from Nicholas Ring, and as Ring, according to appellant's own showing, never owned but a life estate in the land, that was all Smith and Tyler acquired by their purchase and was all that they conveyed to appellant.

Wherefore the judgment is *affirmed.*

G. Terry, for appellant.    W. L. Rhodes, for appellees.